IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                **CRIMINAL NO. 1:15cr49-HSO-RHW**
                                                                    **CIVIL NO. 1:16cv355-HSO**

**RACHEL ESPARZA SAENZ**                                         **DEFENDANT**

**ORDER DENYING DEFENDANT RACHEL ESPARZA SAENZ'S MOTION
UNDER 28 U.S.C. § 2255 TO CORRECT/MODIFY SENTENCE [45]**

BEFORE THE COURT is Defendant Rachel Esparza Saenz's Motion Under 28 U.S.C. § 2255 to Correct/Modify Sentence [45] filed on October 5, 2016.  Having considered the Motion, the record, and relevant legal authority, the Court finds that the Motion is not well taken and should be denied.

I.     BACKGROUND

On June 23, 2015, a Grand Jury returned a one-count Indictment [8] charging Defendant Rachel Esparza Saenz ("Defendant") with conspiracy "to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance," in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. § 846.  Indictment [8] at 1.  On December 15, 2015, Defendant's counsel filed her Notice of Intent to Change Plea [29].  Pursuant to a written Plea Agreement [31] and Plea Supplement [32] with the Government, Defendant elected to plead guilty to Count One of the Indictment in exchange for, among other things, the Government's recommendation that she be sentenced to the "lower 25% of the applicable guideline range."  Plea Suppl. [32] at 1.  On December 18, 2015, Defendant entered into a written Plea Agreement [31]

and Plea Suppl. *SEALED* [32] (collectively, the "Plea Agreement") which detailed both Defendant's obligations and those of the Government.  *See* Minute Entry, December 18, 2015.  Pursuant to the Plea Agreement, Defendant expressly waived "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . ."  Plea Agreement [31] at 4-5.

On March 24, 2016, Defendant was sentenced to a term of 121 months of imprisonment.  *See* Minute Entry, March 24, 2016; J. [41] at 2.  The Court entered the Judgment of conviction [41] on March 24, 2016.  Defendant did not appeal.  On October 5, 2016, Defendant filed the present § 2255 Motion [45].

After being ordered to respond, Order [46], on November 4, 2016, the Government filed a Motion to Dismiss [47] arguing that Defendant had waived her right to file a § 2255 Motion when she entered into her Plea Agreement,  Mot. to Dismiss [47] at 1-5.  Defendant has not responded to the Government's Motion or otherwise addressed the Government's arguments.

## II.   DISCUSSION

A.   Legal Standard

Once finally convicted, there are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under

28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under § 2255 is therefore reserved for violations of constitutional rights and for a narrow range of injuries which could not have been raised on direct appeal and which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

"The validity of a guilty plea is a question of law . . . ." *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (citing *United States v. Amaya*, 111 F.3d 386, 388 (5th Cir. 1997)). "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citation omitted). Therefore, "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Hernandez*, 234 F.3d at 255 (quoting *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000)).

Whether a guilty plea was "knowing" turns on whether a defendant understands the direct consequences of a plea, including the maximum possible penalty, while "voluntariness" of a plea depends on whether the plea was induced by threats, misrepresentation, unfulfilled promises, or improper promises. *Id.* at 255, n.3. "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentation, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Bousley*, 523 U.S. at 619 (quotation omitted). "To constitute an intelligent act, it must be done with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (quotation omitted). The United States Supreme Court has "long held that a plea does not qualify as intelligent unless a criminal defendant first receives real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quotation omitted).

Defendant pleaded guilty to Count One of the Indictment on March 24, 2016, and the Judgment was entered that same day. No appeal was filed. After conviction and exhaustion, or waiver, of any right to appeal, it is presumed that Defendant stands fairly and finally convicted. *Samuels*, 59 F.3d at 528 (internal citation omitted).

B.  <u>Defendant's waiver of the right to assert claims under 28 U.S.C. § 2255 was entered into knowingly and voluntarily and is enforceable.</u>

Based upon review of the record, the pleadings, and the relevant legal authority, the Court finds that Defendant's Motion is barred because she waived the right to file a § 2255 Motion as a condition of her Plea Agreement which was signed by Defendant and her counsel on December 17, 2015, and the Government on December 18, 2015. Plea Agreement [31] at 1-6; Plea Supplement *SEALED* [32] at 1-4. The Plea Agreement provides that both Defendant and her counsel "declare" that Defendant had read the Plea Agreement or had it read to her, that it had been explained to her by her counsel, that Defendant understood it, and that Defendant voluntarily agreed to and accepted it. Plea Agreement [31] at 1-6; Plea Supplement *SEALED* [32] at 1-4.

Defendant's Plea Agreement [31] with the Government provided, in relevant part, that Defendant

> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
>
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

5

Plea Agreement [74] at 4-5.

In the present § 2255 Motion, Defendant has not alleged that her guilty plea or her waiver of her right to assert a § 2255 claim was unknowing or involuntary, nor has she alleged ineffective assistance of counsel.  *See United States v. Hoctel*, 154 F.3d 506, 507 (5th Cir. 1998) (finding that defendant pointed to no evidence in the record that his explicit waiver included in the plea agreement and signed by defendant and his counsel, was not informed and voluntary).  Based upon the § 2255 Motion, the record, and relevant legal authority, the Court finds that Defendant's waiver of her right to assert a claim under 28 U.S.C. § 2255 was knowing and voluntary and should be enforced.

### III.   CONCLUSION

For the reasons set forth herein, the Court finds that Defendant Rachel Esparza Saenz's § 2255 Motion [45] should be denied.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that  Defendant Rachel Esparza Saenz's Motion Under 28 U.S.C. § 2255 to Correct Sentence [45] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 30th day of November, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE